# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WEAVER, | CASE NO. 1:06-CV-01309-OWW-SMS-P |
| Plaintiff, | ORDER DISMISSING ACTION AS FRIVOLOUS AND MALICIOUS |
| v. | (Doc. 1) |
| CALIFORNIA CORRECTIONAL INSTITUTION FIRST WATCH TUESDAY, et al., | ORDER THAT DISMISSAL COUNTS AS A STRIKE UNDER 28 U.S.C. § 1915(G) |
| Defendants. | |

Plaintiff Willie Weaver ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 20, 2006, but has not paid the $350.00 filing fee.[1]

---

[1] Absent a showing of imminent danger of serious physical injury, plaintiff is ineligible to proceed in forma pauperis in this action because he has had at least three previous actions dismissed for failure to state a claim, frivolousness, or maliciousness. 28 U.S.C. § 1915(g). The Court takes judicial notice of case numbers 1:06-CV-00671-OWW-SMS-P Weaver v. California Correctional Institution Confinement SHU (dismissed July 17, 2006, for failure to state a claim and frivolousness); 1:06-CV-00775-OWW-LJO-P Weaver v. California Correctional Institution - Third Watch Sergeant (dismissed July 17, 2006, for failure to state a claim and frivolousness); and 1:06-CV-00863-OWW-SMS-P Weaver v. California Correctional Institution Law Library (dismissed August 1, 2006, for

1

1   The Court is required to screen complaints brought by prisoners seeking relief against a
2   governmental entity or officer or employee of a governmental entity.² 28 U.S.C. § 1915A(a). The
3   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
4   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
5   monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

6   Plaintiff alleges in his complaint that he is being threatened, harassed, called names, and
7   watched from wall cameras and spoken to from an intercom in the vent.

8   A claim is legally frivolous when it lacks an arguable basis either in law or in fact, Neitzke
9   v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984),
10  and the Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal
11  theory or where the factual contentions are clearly baseless, Neitzke, 490 U.S. at 327.  The test for
12  maliciousness is a subjective one and requires the Court to "determine the ... good faith of the
13  applicant." Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 46 (1915); see Wright v. Newsome,
14  795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith most commonly is found in repetitive
15  suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits.
16  A complaint is malicious if it suggests an intent to vex defendants or abuse the judicial process by
17  re-litigating claims decided in prior cases. Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C. Cir. 1981);
18  Phillips v. Carey, 638 F.2d 207, 209 (10th Cir. 1981); Ballentine v. Crawford, 563 F.Supp. 627,
19  628-29 (N.D. Ind. 1983); cf. Glick v. Gutbrod, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent
20  power to dismiss case demonstrating "clear pattern of abuse of the judicial process").

21  As of September 25, 2006, plaintiff has filed one-hundred twenty-four actions in this district,
22  forty-four of which were filed in September of 2006 alone. On September 1, 2006, plaintiff filed
23  fourteen civil rights complaints, including this one. Not one of the complaints was accompanied by
24  the filing fee, and twelve of the fourteen cases are virtually identical, with minor exceptions such as

---

26  failure to state a claim and frivolousness).

27  ² Given plaintiff's pattern of conduct, as set forth in this order, the Court is of the opinion that it is more expeditious to screen and dismiss this action rather than expend its overtaxed resources attempting to obtain the
28  filing fee from plaintiff prior to screening. Such a course of action would likely ultimately result in dismissal for failure to pay the filing fee after the issuance of multiple orders, rather than the actual obtainment of the filing fee from plaintiff.

1 switching back and forth between suing the First and Second Watches.[3]  Further, in some complaints
2 plaintiff omits his allegations that he is on a mind reading device and/or that he is being spoken to
3 through the vents.  However, all twelve involve plaintiff's claim that he is being harassed, watched,
4 etc. by defendants.  Although the Court is mindful that mental illness may play a part in plaintiff's
5 allegations, plaintiff is capable of correctly filling out complaint forms and responding to court
6 orders.[4]  Plaintiff is creating a tremendous burden on this Court's scare resources by filing multiple,
7 duplicative actions, and is depriving other litigants of the Court's much needed time and attention
8 in their pending cases.  A review of the Ninth Circuit's dockets reveals that plaintiff has been
9 actively filing appeals as well, with thirty-three appeals filed, twenty-six of which were filed in 2006.

10     The allegations in the complaint in this action are duplicative of those set forth in the
11 complaint in case number 1:06-CV-1289-AWI-LJO-P, Weaver v. Correctional Institution Building
12 A-4-A-4, and 1:06-CV-1291-OWW-SMS-P, Weaver v. Correctional Institution Building A-4-A-4,
13 1:06-CV-1293-OWW-SMS-P, Weaver v. Correctional Institution Building A-4-A-4, 1:06-CV-
14 1295-OWW-SMS-P, Weaver v. Correctional Institution Building A-4-A-4, filed just days prior.

15     "[T]he doors of this courthouse are open to good faith litigation, but abuse of the judicial
16 process . . . . will not be tolerated." Snyder v. Internal Revenue Service, 596 F.Supp. 240, 252 (N.D.
17 In. 1984).  Plaintiff's allegation that defendants have him on a mind reading device is frivolous.
18 Further, a review of the cases filed by plaintiff and the filings dates amply demonstrates a pattern of

---

[3] The Court takes judicial notice of case numbers 1:06-CV-01197-AWI-DLB-P Weaver v. California Correctional Institution First Watch 4-4A-4; 1:06-CV-01198-AWI-SMS-P Weaver v. California Correctional Institution First Watch 4-4A-4; 1:06-CV-01199-OWW-WMW-P Weaver v. California Correctional Institution First Watch 4-4A-4; 1:06-CV-01200-AWI-WMW-P Weaver v. California Correctional Institution First Watch 4-4A-4; 1:06-CV-01201-AWI-DLB-P Weaver v. California Correctional Institution First Watch 4-4A-4; 1:06-CV-01202-OWW-WMW-P Weaver v. California Correctional Institution First Watch 4-4A-4; 1:06-CV-01203-OWW-LJO-P Weaver v. California Correctional Institution First Watch 4-4A-4; 1:06-CV-01204-OWW-SMS-P Weaver v. California Correctional Institution Building 4-4A-4; 1:06-CV-01205-AWI-SMS-P Weaver v. California Correctional Institution Building 4-4A-4; 1:06-CV-01206-AWI-SMS-P Weaver v. California Correctional Institution Third Watch 4-4A-4; 1:06-CV-01207-OWW-WMW-P Weaver v. California Correctional Institution Second Watch 4-4A-4; 1:06-CV-01208-OWW-LJO-P Weaver v. California Correctional Institution Second Watch 4-4A-4; 1:06-CV-01209-AWI-WMW-P Weaver v. California Correctional Institution Second Watch 4-4A-4; and 1:06-CV-01210-OWW-LJO-P Weaver v. California Correctional Institution Second Watch 4-4A-4.

[4] The Court takes judicial notice of the dockets in case numbers 1:06-CV-00278-OWW-LJO-P Weaver v. Tehachapi Mail Room and 1:06-CV-00468-OWW-SMS-P Weaver v. California Correctional Institution Confinement SHU, demonstrating plaintiff's ability to respond to court orders and his ability to keep track of his multitude of cases.

1  vexatiousness.  The Court finds that the filing of this action was in bad faith and malicious given that
2  plaintiff filed multiple complaints on the same day concerning the same or similar allegations, and
3  this action is duplicative of case numbers 06-1289, 06-1291, 06-1293, and 06-1295.
4      This action is HEREBY DISMISSED as frivolous and malicious.  This dismissal SHALL
5  BE COUNTED as a strike under 28 U.S.C. § 1915(g).
6  IT IS SO ORDERED.
7  **Dated:   October 18, 2006**           /s/ Oliver W. Wanger
   emm0d6                                  UNITED STATES DISTRICT JUDGE